DINNAN v. BLOOMFIELD HILLS LAND CO.

1. VENDOR AND PURCHASER—FRAUD—WAIVER—AFFIRMATION OF CONTRACT.

In an action for the balance due on a land contract, where plaintiff, who had entered into a written contract with defendant for the sale of certain city lots on which he had an option, continued to deal with defendant as if the contract were valid after he discovered that a clause providing that said lots should be sold at cost plus commission had been fraudulently inserted therein by defendant's agent, and concealed from plaintiff by said agent's neglecting to read same when the contract was read to him, he

waived the fraud and affirmed the contract, and the court properly directed a verdict for defendant for the amount paid in excess of cost and commission.

2. SAME—EVIDENCE—TWO ⋆PARTS OF CONTRACT TO BE READ TOGETHER.

Where the contract was conceded to have been made in two parts, the trial court was not in error in refusing to admit the first part without the second, properly holding that they should be read together, since plaintiff was not thereby prevented from showing that a certain clause in the second part was not read to him.

3. SAME—CONTRACTS—FIXED CONSIDERATION—CROSS-EXAMINATION —VALUES IN VICINITY IMMATERIAL.

In said action where the defense was that the price named was in excess of the cost, the trial court properly prevented cross-examination of defendant's witness as to the value of real estate in the vicinity of the lots in question, the stated object being to show whether defendant was deceived, since the parties were dealing with a contract which had a fixed consideration, and the opinion of the parties as to values after the contract was signed was immaterial.

Error to Oakland; Covert (Frank L.), J. Submitted January 5, 1921. (Docket No. 45.) Decided March 30, 1921.

Assumpsit by Patrick W. Dinnan against the Bloomfield Hills Land Company for a balance due on a sale of land. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Affirmed.

*Robert D. Heitsch,* for appellant.

*Tillson & Tillson,* for appellee.

BIRD, J. These parties reside in Pontiac and both deal in real estate. Plaintiff secured an option on certain real estate on Saginaw street, described as lot No. 3 and the south 31 feet of lot No. 2, of Hammond's

addition to the city of Pontiac. The lots were owned by different parties. After securing the option he sold them to defendant on the following agreement:

"We agree to purchase South Saginaw street frontage as per agreement with Dinnan and agree to pay therefor $9,100 as per said agreement.
                    "BLOOMFIELD HILLS LAND COMPANY,
                              "J. E. TILLSON, Secretary."

The following was made soon thereafter as a part of the agreement:

"South 31 feet of lot 2, north 10 feet of lot 3 and remainder of lot 3, Pontiac, Michigan, Hammond addition.

"*Re* part of lot 2: All of lot 3 as per above, Hammond addition, being 81 foot frontage, South Saginaw street, Pontiac, same width to railway as per deeds and abstracts showing perfect title.

"Being third and fourth properties south of land owned by American Savings Bank as per description on top of sheet.

"Dinnan offers to cause above to be conveyed at purchase price to Dinnan of $8,965, plus a profit to Dinnan of commission, etc., making the sale price to Bloomfield Hills Land Company, or order, $9,100. Terms to be not to exceed $2,500 cash and balance $60.00 per month, including interest.
                    (Reverse side)
                              "June second, 1919.
"Property on reverse side being 81 feet South Saginaw sold to Bloomfield Hills Land Company according to terms reverse side—and $50.00 received this date on consideration of $9,100, deal to be closed as soon as abstract delivered and examined not exceeding thirty days.
                    (Signed) "P. W. DINNAN."

It appears to have been understood that plaintiff was getting a commission of $135 on the sale. A few days after this agreement was made plaintiff came to defendant and informed him that it would have to pay more down on the property or he could not consum-

mate the deal. He explained to defendant that he had money tied up in the deal and that he was very desirous of releasing it and that if defendant would make a larger payment which would satisfy the parties he would reduce his commission from $135 to $11. In pursuance of this agreement the following was indorsed on the contract:

"Price reduced $124, purchaser to pay down to $2,000 mortgage on Gamble place and Heitsch place down to unpaid amount on contract.

"P. W. DINNAN."

After the purchases were made defendant learned for the first time that plaintiff did not pay $4,600 for one lot, but instead paid $4,100. When defendant settled with plaintiff it refused to pay him any more than he had paid for the lots and plaintiff brought this suit to recover a claimed balance of $351. Defendant pleaded the general issue and set up its agreement with plaintiff in which it claimed that it had overpaid plaintiff in the sum of $266 by reason of plaintiff's misrepresentation as to the purchase price. The matter was heard by a jury and a verdict rendered for plaintiff for his entire claim. Subsequently this verdict was set aside by the trial court and a judgment rendered for the defendant for the sum of $266. Plaintiff insists this was error upon the part of the trial court.

It was the claim of plaintiff on the trial that he did not read the agreement by which he agreed to sell the property to defendant; that the agreement was drawn up by an agent of the defendant and was read to him, but that it did not contain any provisions that he should sell the lots at cost plus his commission; and if the agreement contained this provision defendant's agent did not read it to him. He further said he was a man of limited education, but did not claim he could not read it. This contention furnished the question of

fact which was submitted to the jury by the trial court. After an examination of the record we are convinced that this was the only material contested question there was in the case and we incline to the opinion that this question was one of fact for the jury unless the following occurrence made it one for the court. Plaintiff testified upon cross-examination that the first knowledge he had of this provision in the contract which required him to sell the lots at cost was when he came to get defendant to make a larger advancement upon the purchase price. At that time he testified he was acquainted with its provisions. Conceding, for the sake of the argument, that this question was one for the jury under the original agreement as to whether he understood its contents, he testified he did know of it later and with that knowledge in his possession he dealt with defendant again and persuaded it to advance more moneys on the purchase. Under these circumstances, we think plaintiff waived whatever rights he had to complain that he did not understand the agreement and that he was deceived and defrauded thereby. His act in dealing with defendant as though the contract were valid after he knew of its infirmity amounted to a waiver of the fraud and an affirmation of the contract. 39 Cyc. p. 1292; *Wylie* v. *Gamble,* 95 Mich. 564; *Draft* v. *Hesselsweet,* 194 Mich. 604; *Parkyn* v. *Ford,* 194 Mich. 184. In the face of this admission by plaintiff the trial court was justified in controlling the verdict.

In the event that this court should arrive at the conclusion which it has on this question plaintiff has assigned certain errors on the conduct of the trial which he asserts entitle him to a retrial.

(*a*) It is insisted that the trial court was in error in refusing to admit the first contract, Exhibit A, without admitting at the same time the balance of the contract, which was Exhibit B. Both were parts of

one contract which it was conceded were made with reference to the purchase and sale of the property. The trial court held that both exhibits be read together. We think no error was committed in this holding. This holding did not prevent plaintiff from showing that a certain part of Exhibit B, with reference to selling the property at cost, was not read to him.

(b) Plaintiff was prevented from cross-examining defendant's witness as to the values of real estate in the vicinity of this property. Plaintiff claims this testimony was competent to show whether defendant was deceived. We do not think the judgment of the witness on the question of values was material. The parties were dealing with a contract which had a fixed consideration, and it was of little moment what either of the parties thought on the question of values after the contract was made and signed.

We have examined the remaining assignments, but we find nothing in them which calls for a reversal of the case.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.